*Guerry, Hall & Roberts, H. L. Grice,* for plaintiff.

*Harris & Harris,* for defendant.

---

### 2386.   CENTRAL OF GEORGIA RAILWAY COMPANY *v.* MERCANTILE CLAIM COMPANY.

No error of law appears, and the verdict is supported by the evidence.

DECIDED JULY 5, 1910.

Appeal; from Fulton superior court—Judge Ellis.   November 20, 1909.

*Payne, Little & Jones, M. F. Goldstein,* for plaintiff in error.

*Thomas L. Bishop,* contra.

HILL, C. J. The Mercantile Claim Company, as transferee, sued the Central of Georgia Railway Company for the value of 18 boxes of cigars lost in transit. The justice's court rendered a judgment for the plaintiff, and an appeal was taken to a jury in the superior court. On the trial a verdict was found for the plaintiff; and the defendant's motion for a new trial was overruled. The evidence, briefly stated, is as follows: A shipment of seven cases of cigars was made from Ybor City, Florida, on June 12, 1906, consigned to R. F. Wynne, Atlanta, Georgia. The cigars were received by the consignee in Atlanta on June 20, 1906. The shipment was checked over by the clerk of the defendant company in connection with the receiving clerk of the consignee. It was found that one case was in a damaged condition; one case had been apparently broken open and was apparently short 18 boxes of cigars, and one of the other boxes had also been broken open and all the cigars taken out of that box except two. The case in which the shortage appeared had been recoopered. The testimony showed that each case when full should contain 100 boxes of cigars, and the recoopered box, when received in Atlanta, contained only 82 boxes. The physical condition of the shipment, and the shortage, were noted by the agent of the railroad company in Atlanta, in the freight-bill which was presented to the consignee, and this condition of the shipment was also shown by the testimony of the consignee and his clerk. The clerk of the consignee testified that he did not know how many boxes of cigars had been shipped in the cases, although when full they should contain 100 boxes; that he used the invoice which had been sent to the consignee by the shipper, for the purpose of checking the number of cigars or boxes received, and from this invoice there appeared to be a shortage of 18 boxes. The bill of lading, which was not introduced, but the contents of which were proved without objection, called for seven cases of cigars. The defendant objected to the testimony of the receiving clerk as to his having the invoice when he checked the shipment, the objection being that the invoice was secondary evidence and hearsay, and was not competent for the purpose of showing the number of cigars which had been received by the railroad company. The court admitted the testimony of the receiving clerk, that he

had the invoice before him when he checked the cases and that from the invoice he discovered that they checked short; but instructed the jury, on this point, that the testimony relating to the invoice was admitted not for the purpose of showing that what the invoice claimed was actually shipped, but as showing the circumstances surrounding the checking. There are several exceptions in the amended motion for a new trial, but all of them are really embraced in the general exception that the verdict was without any evidence to support it; it being insisted by the special exceptions that the only evidence of the amount of the shipment and the alleged shortage was the contents of the invoice, which was not competent evidence for that purpose.

We do not think the court erred in allowing the testimony of the receiving clerk of the consignee that he had used the invoice for the purpose of checking the cigars, and that there appeared to be a shortage. The invoice was not used to show the shipment, nor to show how many boxes each case of cigars contained when received by the defendant company, but the circumstance that the cigars did check short by the invoice was admissible as tending to repel any inference that the consignee got all the cigars that he expected to get. The bill of lading showed that the company had received seven cases of cigars from the shipper. The presumption of law was that these cases were all received in good order. The undisputed testimony was that each case when full would contain 100 boxes of cigars. When the seven cases received in good order by the railroad company at the point of shipment were received at the point of destination in Atlanta, it was found that the lid of a case had been broken open, and that this case contained only 82 boxes of cigars, and the case had also been recoopered. It was a reasonable deduction from these facts that this one case had been damaged and the contents thereof lost while it was in the possession of the defendant company. It had been received in good order, and it is fair to presume that it contained the same number of boxes as were contained in the other cases of equal size, ordered at the same time. Seven cases of cigars, containing 100 boxes to the case, were ordered by the consignee. Seven cases apparently in good order were received by the railroad company; and, when the shipment reached its destination in Atlanta, one of the cases had been broken open and there was an apparent shortage of 18 boxes of cigars, and

the case had been recoopered. It seems to us that this evidence was sufficient to support the verdict for the value of the shortage, in the absence of any testimony by the defendant company.

*Judgment affirmed.*